UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTASHA BATES, o/b/o
ELTOMICO A. GRANT,

      Plaintiff,                       CIVIL ACTION NO. 08-12468

vs.                              DISTRICT JUDGE DENISE PAGE HOOD
                                     MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and

that of Defendant GRANTED, as there was substantial evidence on the record supporting

the Commissioner's determination denying childhood disability benefits.

* * *

Claimant is a minor male child who is now twelve years old. His mother, Rutasha

Bates, filed an application for Social Security Supplemental Security Income (SSI)

childhood disability benefits on his behalf on January 7, 2004, alleging incapacity due to

attention deficit hyperactivity disorder (ADHD). Benefits were denied, initially and upon

reconsideration, by the Social Security Administration. A requested de novo hearing was

held on September 21, 2006, before Administrative Law Judge Ethel Revels. Claimant and

his mother appeared and testified. In a decision dated January 24, 2007, Judge Revels

determined that the claimant was not entitled to childhood SSI benefits because his mental

deficiencies were not severe enough to meet or medically equal any of those found in the

Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of childhood SSI benefits was supported by substantial evidence on the record.

Claimant's mother elected to proceed with the administrative hearing without representation after being informed of her right to counsel (TR 323).  She testified that her son's hyperactivity had actually improved over the past 12 months since he began taking medications for the condition (TR 334, 336-337).  Ms. Bates added that her son was reading better, that he did well in math classes, and that his grades had improved (TR 336, 362).  Claimant's mother stated that her son completed his chores, with supervision, and that he got along well with his siblings and other children (TR 359-360).  Eltomico testified that he enjoyed playing the violin, riding his bicycle, helping with chores, and taking karate and dance lessons (TR 328-329, 337, 348-349).  He said that his best subjects in school were math and reading (TR 333-334).

ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations."  42 U.S.C. § 1382(a)(3)(C)(i).  To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

> 1.  A child will be found "not disabled" if he engages in substantial gainful activity.
>
> 2.  A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.

**2**

> 3.  A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in  20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

> 1.  Acquiring and using information;
>
> 2.  Attending and completing tasks;
>
> 3.  Interacting and relating with others;
>
> 4.  Moving about and manipulating objects;
>
> 5.  Caring for yourself; and
>
> 6.  Heath and physical-being.
>
> 20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled.  20 C.F.R. 416.926a(d).

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that he was indeed impaired as a result of attention deficit hyperactivity and a learning disorder, but these conditions were not severe enough to meet

---

[1]A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development capacities.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action.  Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether he employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo,  resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

**4**

would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir.

1983).

<u>DISCUSSION AND ANALYSIS</u>

In lieu of a Motion for Summary Judgment, claimant's mother, who was not

represented before this Court, submitted a typed letter detailing her son's treatment for

ADHD.  She did not specifically challenge the ALJ's finding that Eltomico did not meet or

medically equal a listed impairment.  Nor does she challenge the ALJ's finding that her son

had less than marked limitations in four of the six areas of functioning. (See Plaintiff's Letter

at Docket #10). I am satisfied that substantial evidence exists on the record supporting the

Law Judge's decision denying childhood disability benefits.

Section 112.11 of the Listing of Impairments describes disabling conditions caused

by ADHD, and requires a showing of documented findings of marked inattention, marked

impulsiveness, and marked hyperactivity.  It also mandates two of the following: marked

impairment of age-appropriate cognitive/communicative function;  marked impairment in

age-appropriate social functioning;  marked impairment in age-appropriate personal

functioning; and marked difficulties in maintaining concentration, persistence, or pace. 20

C.F.R. pt. 404, subpt. P, app. 1 §§ 112.02(B)(2), 112.11. The ALJ properly found that

Eltomico's ADHD did not meet Listing 112.11 because he did not have any marked

functional limitations[2] (TR. 18).

---

[2]The Law Judge also analyzed Listing 112.05, which describes disabling conditions caused by mental retardation. The Listing requires, in pertinent part, a demonstration of IQ scores that are lower than 70.  See 20 C.F.R. pt 404, subpt. P, app. 1 § 112.05(D).  As the ALJ noted, Eltomico's IQ scores were all in the low 80's (TR 83).

The medical evidence also demonstrated that claimant's attention deficit and learning disorders did not "functionally equal" the Listing because the medical problems stemming from the disorders had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development abilities.

A claimant is found disabled if he has one extreme limitation or two marked limitations in any of the six domains discussed above. Although Plaintiff had some problems with learning mathematics and reading, standardized testing showed that his math skills were improving. Moreover, medications had helped to improve his reading ability. Indeed, testing in the Spring of 2006 term showed that Plaintiff's reading scores were only slightly below the average for his school, and most of his mathematics scores were actually higher than the school average (TR 189). The child testified that he had learned to play several tunes on the violin, which reflects an ability to learn and retain information for future use. Thus, the ALJ properly found that Eltomico had a "less than marked" limitation in acquiring and using information (domain #1).

With regard to attending and completing tasks, the second domain, the ALJ noted that Eltomico performed most household chores well, and did not need to be reminded to do them (TR 20). Plaintiff's mother testified that Plaintiff's performance in this domain had improved with medications (TR 334, 336-337). The ALJ also found a less-than-marked limitation in Plaintiff's ability to interact and relate with others (domain #3). In support of this conclusion, the ALJ relied on a psychological evaluation by a school counselor reflecting that Eltomico's behavior was not problematic (TR 82). There was also testimony from Plaintiff's mother that, while Eltomico argued with his sister, he did not have problems interacting socially with other children (TR 359-60).

**6**

The ALJ also found no limitation in Plaintiff's ability to move about and manipulate objects (domain #4). Eltomico testified that he was good at sports, including basketball and karate, as well as dancing and bicycle riding. Eltomico also said that he helped his mother to vacuum and wash dishes (TR 328-29, 337, 348-49). With respect to how a child cares for himself (domain #5), Ms. Bates reported that Eltomico had some problems with bed-wetting, but was able to take care of his personal hygiene (TR 360). Finally, regarding Plaintiff's overall health and physical well being (domain #6), the ALJ correctly noted that Eltomico was in good health physically and led a "robust lifestyle appropriate to a child of his age" (TR 21). Substantial evidence supports the ALJ's findings regarding the above six domains, and Plaintiff points to no evidence to significantly challenge these findings. Since Eltomico did not have one "extreme" or two "marked" limitations, his impairments did not functionally equal a listing.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

**7**

Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 30, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on December 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 30, 2008: **Rutasha Bates.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
